[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 436 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 437 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 438 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 440 
A stronger case could not well be made for relief against the consequences of a misnomer of an intended beneficiary under a will. Of the intention of the testator to make the claimant the object of his bounty and to contribute of his substance to the charities administered by it, there can be no doubt upon the evidence.
A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the provision or defeat the intention of the testator, if, either from the will itself or evidence dehors the will, the object of the testator's bounty can be ascertained. No principle is better settled than that parol evidence is admissible to remove latent ambiguities, and when there is no person or corporation in existence precisely answering to the name or description in the will, parol evidence may be given to ascertain who were intended by the testator. A corporation may be designated by its corporate name, by the name by which it is usually or popularly called and known, by a name by which it was known and called by the testator, or by any name or description by which it can be distinguished from every other corporation; and when any but the corporate name is used, the circumstances to enable the court to apply the name or description to a particular corporation and identify it as the body intended, and to distinguish it from all others and bring it within the terms of the will, may, in all cases be proved by parol. (St. Luke's Home v. Association forIndigent Females, 52 N.Y., 191; Holmes v. Mead, id., 332;Gardner v. Heyer, 2 Paige, 11; 1 Jar. on Wills, 330; 1 Redf. on Wills, 691, § 42, pl. 40; id., 695, pl. 49.) The cases involving these general principles have been so frequent, *Page 441 
and the discussion in the courts as well as in elementary works so elaborate, that it would be a waste of time to go over the ground or refer to the repeated decisions in detail. Many of the leading cases are referred to by Judge DOOLITTLE in his opinion at Special Term in this case. This case is among the most familiar instances of the application of the rules permitting extrinsic evidence to identify the person or corporation intended by a testator. The evidence was to show that the name used in the will was the popular and usual name by which the claimant was designated and known, that the testator knew and called it by that name, and that there was no other corporation answering the description. This was clearly competent and the evidence was conclusive.
It is claimed and forcibly urged in an able brief by the counsel for the appellants, that this case is not within the rule permitting parol evidence in explanation of latent ambiguities, and that the testator was wholly mistaken in the name of the intended legatee, and that it is not a case of latent ambiguities opening a way for evidence to show who was intended by the testator, or establish the right of a claimant under the will. When the name of an intended beneficiary is wholly omitted and the will is a blank, the omission cannot be supplied by the courts upon any evidence of the intention of the testator. A will cannot be made for a deceased testator by the judgment of a court of law or equity. (Hunt v. Hort, 3 Bro. Ch., 311.) So, too, when the name of a beneficiary is inserted, and from the circumstances and relations of the testator, and the whole terms of the will the court might conjecture that an individual not in any respect within the description, but whose name if he was intended by the testator is wholly mistaken, was in truth in the mind of the testator, and intended to be named as the beneficiary, the mistake cannot be corrected, especially when there are those in existence bearing in whole or in part the name, and coming to some extent within the description of the will. (Mostyn v. Mostyn, 5 H. of L. Cas., 155; Miller v.Travers, 8 Bing., 244; Delmare v. Robello, 1 Vesey, 412.) The *Page 442 
will before us is perfect, and the name of the intended beneficiary appears in it, and the only question is as to the application of the name to the claimant; that is, whether the respondent comes within the description or can be identified by the name. As said by the court in Minot v. Curtis
(7 Mass., 441), there is no reason "why corporations may not be known by several names as well as individuals," and if so and named in a grant or devise by any one of its recognized names, it cannot be said that the name is wholly mistaken. The ambiguity arises only from the fact that the corporation has and bears two or more names. The corporate or charter name may be entirely mistaken or wholly unknown to the testator, but if he designates it by some other name by which it is known and can be identified, the will must have effect according to the intent of the testator. A mistake in the name is not fatal so long as the testator sufficiently indicates the institution or individual intended. (Ang. Ames on Corp., § 99.) Lord BROUGHAM, in Mostyn v.Mostyn (supra), approved of the rule deducible from the cases referred to by him, that effect must be given to a will when there was any thing either of legitimate extrinsic evidence or of material evidence to show that the name must have been put wrongly and also to show who must have been intended. He citesDent v. Pepys (Madd. G., 350), in which a devise of the residue of an estate to the "children of William" was given to the "children of Mary," with the simple remark that whether the conclusion of the vice-chancellor was quite legitimate, it was not necessary to speculate upon.
The opinion of TINDAL, C.J., in Miller v. Travers
(supra), is greatly relied upon by the counsel for the appellants. The case itself bears but little analogy to that before us, but the reasoning of the chief justice bears strongly in favor of our conclusions in this case. In that case there was a devise of all the testator's freehold and real estates in the county of Limerick and city of Limerick. The testator had a small estate in the city of Limerick, but no estates in the county of that name, but had estates in *Page 443 
the county of Claire and in the draft of the will the name of the latter county was inserted, but the scrivener in engrossing the will, by mistake erased "Claire" and inserted "Limerick," and the court held that the mistake could not be corrected. But Chief Justice TINDAL states the general proposition as it is now recognized and adopted, and says that "it may be admitted that in all cases in which a difficulty arises in applying the words of a will to the thing which is the subject-matter of the devise or to the person of the devisee," the difficulty or ambiguity which is introduced by the admission of extrinsic evidence, may be rebutted and removed by the production of further evidence upon the same subject calculated to explain what was the estate or subject-matter really intended to be devised, or who was the person really intended to take under the will, and this appears to us to be the extent of the maxim "Ambiguitas verborum latensverificatione suppletur." (See, also, 1 Redf. on Wills, 575, chap. 10, § 40, pl. 2.) An ambiguity was proved by evidence that there was and is no corporation in the city of New York bearing the charter name used in the will or any unincorporated association under that name, but that there is an institution incorporated under another name but using and being known by the name used by the testator, and this opens the way for extrinsic evidence to remove the ambiguity thus raised. The evidence is simply to remove a difficulty arising from an inaccurate or mistaken description. It is not to introduce new words into the will, but merely to give a construction to the words used in the will, that is, to prove facts which "stand well with the words" of the will. (Per Lord COKE, Altham's Case, 8 Coke, 148.) A legacy was given to one in a name which she had for many years assumed, and the court directed an inquiry who was the person meant. (Neathway v. Ham, Tamlyn, 316; 1 Greenl. Ev., § 301, and notes.) We think this a clear case of an imperfect rather than a wholly mistaken description of the corporation intended, and that the evidence was competent to clear up the ambiguity and show what institution was meant, and that the evidence sustains the judgment in that respect. *Page 444 
It is also objected by the appellants that the corporation claiming had not capacity to take, and that the bequest was void. By its charter (Laws of 1849, chap. 244, § 4), it had power to purchase and hold real estate sufficient for the actual occupation and necessary uses of the society, "and receive by gift or devise in the same manner and subject to the same restrictions as provided in the general laws for the incorporation of religious and benevolent associations, and to hold and convey such real estate."
The intent was to confer upon this corporation the same capacity to take by devise or bequest as was, by the general law for the incorporation of "benevolent, charitable, scientific and missionary societies" (Laws of 1848, chap. 319), conferred upon corporations constituted under that act, with an added limitation to its capacity to take and hold real property. Corporations, under the general law, had power to take and hold property, real or personal, by devise or bequest, subject to the restriction that the clear annual income of such devise or bequest should not exceed the sum of $10,000. The respondent corporation was incapacitated from taking or holding real estate, the annual income of which should exceed $10,000. It was also subject to the restrictions of the general law, limiting its capacity to take real or personal property, by a single devise or bequest, to that which would yield an income not exceeding $10,000. There is no claim that the limits imposed by these provisions upon the ability of the corporation to take will be exceeded if it should receive and have the benefit of the provision intended for it under the will in question. It is, however, urged by the appellants that the bequest is void, by reason of the incapacity of the testator, under the last paragraph of the same section (§ 6) of the general law. It was provided by the last clause of that section that no person leaving a wife or child or parent should devise or bequeath to "such institution or corporation" more than one-fourth of his or her estate, and that no such devise or bequest should be valid in any will not made and executed at least two months before the death of the testator. The *Page 445 
difficulty of the position taken by the appellants is, that the section deals with and provides for two distinct and independent matters. In the one part it limits the capacity of corporations to take by devise or bequest, and in the other it limits and regulates the powers and capacities of individuals in the disposition of their estates by will. Each is independent and has an operation and effect irrespective of the other. The charter of the Female Guardian Society incorporates only the limitations and restrictions of the first clause — that which defines and limits the power of the corporation to take by devise or bequest. The limitation upon the capacity of testators is not by reference or in any way incorporated in the charter, and therefore a repeal or change of the law, as then enacted, cannot be taken into account in passing upon the validity of a devise or bequest, tested solely by the legal capacity of the testator.
In 1860, the legislature enacted a general law, entitled "An act relating to wills" (Laws of 1860, chap. 360), which supercedes and operates as a repeal of the last clause of section 6 of the general law for the incorporation of benevolent and religious societies. (Laws of 1848, chap. 319, supra.) It enacts that no person leaving a husband, wife, child or parent, shall devise or bequeath to any benevolent, charitable, literary, religious or missionary society, association or corporation, more than one-half part of his or her estate, and that such devise shall be valid to the extent of one-half and no more, and repeals all laws inconsistent with it. That was the law in force at the time of the making of the will before us, and by it the power of disposal by the testator of his property by will was regulated and limited, and the will does not, in the disposition made of the estate, violate the act or exceed the limits prescribed. Less than $20,000 is given, in all, to societies and corporations coming within the description of the statute.
The provision of the act of 1848, as to the time which must elapse between the making of a will and the death of a testator, in order to give validity to a devise or bequest to a religious or charitable corporation, is not continued by *Page 446 
the act of 1860, but is omitted, and as the latter act legislates upon the same subject, and covers all the ground occupied by the former law, the omission of this clause is evidence of an intent of the legislature to repeal it, and it must be regarded as repealed. The act of 1860 is a revision and a re-enactment of the provision of the law of 1848 referred to, with such alterations and changes as were deemed expedient. Both laws are general in their character, and the intent is apparent that the latter statute should prescribe the only rule that should govern in the cases provided for, and, in such case, the former law necessarily yields to the latter, and is superseded by it. (Bartlett v.King, 12 Mass., 537; Nichols v. Squire, 5 Pick., 168;Daviess v. Fairbairn, 3 How. [U.S.], 636.) The law of 1860 expressly enacts, that a gift by will to the extent of one-half of the estate of the testator, to corporations of the character alluded to, shall be valid, without regard to the time of the making of the will, a provision clearly incompatible with the two-months limitation of the law of 1848, as inconsistent as are the provisions of the two acts in regard to the share and portion of an estate that may be given by will to religious or charitable corporations. (Pierce v. Delamater, 1 Comst., 17; Potter's Dwarris on Stat., 154.)
The gift to the corporation respondent is not invalidated because the will was made within two months of the death of the testator.
The testator died intestate as to that part of his estate which was not effectually disposed of by the will. He gave specific amounts and portions of his estates to the persons and corporations named, and the gift of the residue, together with one of the pecuniary legacies, failed to take effect, that of the residue because of its illegality, and the other by reason of indefiniteness in designating the legatee. Intestacy exists as to every thing not disposed of by will, or which turns out not to be disposed of, whether by reason of the invalidity of an attempted disposition or other accident. Had there been a valid disposition of the residue, *Page 447 
that which became undisposed of by disappointment of the intentions of the will would have fallen into the residue, but as there was no such disposal of the residue, it is undisposed of, and is to be distributed under the statute of distributions. (2 Williams on Ex., 1313, et seq.; 2 R.S., 96, § 75.)
The gift to the wife by the will is not in lieu of dower, or of any other claims upon the estate, and the acceptance by her of the provision for her was not a waiver of her right to share in any part of the estate that should turn out not to be disposed of. She was not put to her election. The statute is decisive as to her right to share in the distribution of that portion of the estate which cannot go according to the terms of the will. (2 R.S., supra.) It enacts that when the deceased left a will, the surplus remaining after the payment of debts and legacies, if not bequeathed, shall be distributed to the widow, children or next of kin, in the manner prescribed, and under subdivision 2 of section 75 (supra), the widow is entitled to one moiety of the surplus not well disposed of by the will. The courts cannot set aside or disregard the statute of distributions, but effect must be given it according to its terms. (Vernon v. Vernon,53 N Y, 351, 362; Pickering v. Stamford, 3 Vesey, 332; S.C., id., 492; Hoes v. Van Hoesen, 1 Barb. Ch., 379.)
The costs of the action were in the discretion of the Supreme Court, and we see no reason to question the propriety of the disposal made in respect to them.
The judgment must be affirmed.