Stuart, Surrogate.
By the sale and conveyance by the testator of all his real estate previously devised by him, his estate and interest therein were ‘‘ wholly divested ” and not merely “altered.” At common law, the least alteration of the interest of the testator in the property devised or bequeathed by him would work a revocation of the devise or bequest of such property (4 Kent Comm. 529).
Our Revised Statutes specially define what shall be an express revocation, and what shall be an implied, or, in other words, what shall “be deemed” a revocation* (2 R. S. 64, §§ 42 to 48; 3 Id. 6 ed. 63).
An alteration of the nature or character of the interest of the testator in the property devised or bequeathed does not, under the provisions of these sections, in all cases, work a revocation in respect to such property ; but I apprehend that there is no doubt, that when the testator in his lifetime wholly divests himself of the property previously devised or bequeathed, the revocation is, as to such property, as complete and perfect as it was at common law (Beck v. McGillis, 9 Barb. 35; Brown v. Brown, 16 Id. 572; Vandemark v. Vandemark, 26 Id. 416; Adams v. Winne, 7 Paige, 97; McNaughton v. McNaughton, 34 N. Y. 201).
The will speaks as of the time of the death of the testator. The rights of all devisees, legatees, heirs, and next of kin hinge upon that period of time. If the wife had survived the testator, she would have taken the entire estate; all the personal and all the real converted into personalty before the death of the *121 testator.' She would have been sole legatee of all the testator’s '•'•personal estate.”
I think the corporations named in the will cannot take as legatees.
The subject-matter of the devise and bequest to them was totally destroyed or changed by the voluntary act of the testator in his lifetime. The whole scheme of his testamentary disposition was essentially varied by him, and the law presumes a revocation in consequence of the change in his family and property. The fact that tie deposited the avails of the sale of his real estate in the savings bank is not sufficient to rebut the presumption of law (Adams v. Winne, 7 Paige, 97).
It is quite possible that but for this revocation by the act of the testator, the ulterior devise to these corporations would have taken effect on the failure of the primary devise by the death of the wife in the lifetime of the testator (McLean v. Freeman, 70 N. Y. 81); but I am unable to see how, unless by a republication after such revocation, their claim to the bounty of the testator under this will can prevail.
The Roman Catholic Orphan Asylum cannot, I think, successfully claim as residuary legatee, for another reason. When it is manifest from the express words of the will, that a gift of the residue is confined to the residue of a particular fund, or description of property, or - to some certain residuum, the legatee will be restricted to what is thus particularly given. In this case the thing given is gone (Dayton Surr. 1 ed. 440). If the wife had survived, there would have been no residuum ; she would have taken the whole as personal estate. As she died before the testator, and the entire estate, by his subsequent act, became personal property, and was such at the time of his death, it is all to be treated as a lapsed legacy. In the absence of a legatee capable of taking under *122 the will, pro tanto revoked, I think it is to be distributed to the next of kin under the statute of dis tribu- ■. tions.
This view of the case renders it unnecessary to decide the very interesting question involved in the construction of the statutes on the subject of devises and bequests to charitable uses.*
The change in the phraseology by the latter statute (L. 1860, c. 360) by substituting the word “having” for “ leaving,” found in section 6 of chapter 319 of the Laws of 1848, is noticeable, although it seems to have been ignored by the court of appeals in Lefevre v. Lefevre (59 N. Y. 434).† In that case the majority of the court apparently held, that the provision of the earlier statute on this subject, limiting the time for a valid devise or bequest to benevolent and charitable societies, was not repealed by the latter act.
Section 2 of the act of 1860 repeals all laws inconsistent with the act, and the court characterizes only *123 that part of the proviso of section 6 of act of 1848, which forbids the taking by corporations named, of any devise, in a will not made more than two months before death, as being in harmony with the act of 1860. The fair inference ■ is, that the other provisions of the earlier act are inconsistent with the latter. The word “having” may be construed as referring only to the time of the execution of the will, without involving the serious consequences urged by way of argument against such interpretation; inasmuch as, under sections 43 and 44 of the Revised Statutes, above referred to, the subsequent marriage of a testator followed by birth of children, or a subsequent marriage alone of an unmarried testatrix, are to be deemed revocations of their wills respectively. It seems, therefore, not unreasonable to infer, that the legislature intended, by the act of 1860, to designate the time of the execution of a will as the period of time when the restrictions therein provided for were to be operative. This impression is fortified by the fact that the earlier act was passed, not so much for the protection of families, as to cater to popular sentiment then quite prevalent.
As already stated, however, we do not deem it necessary to pass upon the question in this aspect, not as yet, so far as we are aware, sharply presented to the court of last resort.

 But compare Lathrop v. Dunlop, 4 Hun, 213; 63 N. Y. 610; Walker v. Hall, 34 Penn. St. 483, 486, which do not sanction a distinction between the conclusive efiEect of these revocations.

 The portions of the statutes referred to in the text are as follows:
L. 1848, p. 448, c. 319, § 6.
. . . “ provided, no person leaving a wife, or child or parent, shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate, after the payment of his or her debts; and such devise or bequest shall be valid to the extent of such one-fourth; and no such devise or bequest shall be valid, in any will which shall not hav* been made and executed at least two months before the death of the testator.”
L. 1860, p. 607, c. 360.
Section 1. “No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts (and such devise or bequest shall be valid to the extent of one-half, and no more).
§ 3. All laws and parts of laws inconsistent with this act are hereby repealed.”

 Reversing in part 3 Supm. Gt. (T. & G.) 330.