LOUISA J. HOLLIS, INDIVIDUALLY AND AS EXECUTRIX, ETC., OF WILLIAM H. HOLLIS, DECEASED, APPELLANT AND RESPONDENT, *v.* GEORGE HOLLIS AND OTHERS, APPELLANTS AND RESPONDENTS.

*Will* — bequests to charitable and religious corporations, in or out of this State — *are not valid unless made two months prior to the death of the testator* — *how the amount of a legacy, limited upon a life estate, is to be determined* — 1848, chap. 319, sec. 6; 1870, *chap.* 51; 1860, *chap.* 360.

The plaintiff's testator, a resident of the State of New York, died on February 7, 1881, leaving a last will and testament executed on December 13, 1880. He left a widow, but no descendants. By his will he bequeathed more than one-half of his estate to the following corporations, viz.: The Wesleyan University, incorporated in Connecticut, for scientific and educational purposes; the Drew Theological Seminary, incorporated in the State of New Jersey, and the Methodist Episcopal Church of Orient, N. Y.

*Held,* that as the will was not made two months before the time of the testator's death the bequests to the said incorporations were void under the provisions of section 6 of chapter 319 of 1848, as modified by chapter 51 of 1870, and chapter 360 of 1860. (CULLEN, J., dissenting.)

*It seems,* that when the bequests to such corporations are not to be paid until after the termination of a preceding life estate, the value of such preceding life estate should be deducted from the amount of the legacies in determining whether or not they exceed in extent one-half of the testator's estate remaining after the payment of his debts.

APPEAL from a judgment, entered upon the trial of this action by the court without a jury. This action was brought to have the will of William H. Hollis declared wholly or partly invalid as to the bequests therein contained to the Drew Theological Seminary and the Wesleyan University.

The testator left him surviving a wife, the plaintiff, but no children, or descendants of deceased children.

*N. H. Clement,* for the plaintiff.

*Joseph Aspinall,* for George Hollis, defendant.

*J. T. Mareau,* for Drew Theological Seminary, defendant.

*Frank Reynolds,* for Wesleyan University, defendant.

BARNARD, P. J.:

William H. Hollis, of the city of Brooklyn, Kings county, N. Y., on the 13th of December, 1880, made his last will and testament, and died on the 7th of February, 1881.

The testator was a resident of Kings county when the will was executed and when he died. By the will he bequeathed more than half of his estate to the Wesleyan University, a Connecticut corporation formed for scientific and educational purposes; to the Drew Theological Seminary, a New Jersey corporation, and to the Methodist Episcopal Church of Orient, Suffolk county, N. Y. Is the will valid notwithstanding it was not executed at least two months before the death of the testator? The legislature, by chapter 319 of the Laws of 1848, passed "An act for the incorporation of benevolent, charitable, scientific and missionary societies." Section 6 of this act provides as follows:

"Any corporation formed under this act shall be capable of taking, holding or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of ten thousand dollars; provided no person leaving a wife or child or parent, shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-fourth, and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

By chapter 51, Laws of 1870, the legislature enlarged the power to form corporations under the general laws of 1848, so as to include educational and other institutions, and by the third section thereof empowered the corporations "under said act or under this act," to take and hold by devise and bequest, subject to the restriction upon devises and bequests contained in an act entitled "An act relating to wills, passed April 13, 1860." The act relating to wills (chap. 360, Laws of 1860) is in these words:

"SECTION 1. No persons having husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary

society, association or corporation in trust or otherwise, more than one-half part of his or her estate after the payment of his or her debts (and such devise or bequest shall be valid to the extent of one-half and no more).

" SEC. 2. All laws and parts of laws inconsistent with this act are hereby repealed."

The first case presenting facts calling for the construction of these two acts, was that of *Chamberlain* v. *Chamberlain* (43 N. Y., 425). The testator domiciled in New York, made his will December 16, 1867, and died February 10, 1868. The will gave over half of the estate to two corporations, one for the support of a college in Pennsylvania, incorporated in that State, and the other to an academy in this State. The case was argued by able men, but the point is not presented by counsel or discussed by the court as to the effect of the will being executed less than two months before testator's death upon the validity of the bequest itself. The court upheld the will to the extent of one-half of the estate.

The very silence of the Court of Appeals would be a conclusive argument in favor of the will standing for one-half of this estate, but in the case of *Lefevre* v. *Lefevre* (59 N. Y., 434) these sections were again considered. The will in this case was executed but a day or two before testator's death. The will gave one-third of the estate of testator to the Home of the Friendless in New York. The corporation designed was the American Female Guardian Society, a New York corporation, incorporated by special act in 1849 ; its power to take by will was subject to the same restrictions as are provided in the general laws for the incorporation of benevolent societies.

The same judge (Judge ALLEN) wrote an opinion in this case who wrote the opinion in the Chamberlain case. The court disagreed with Judge ALLEN in his conclusions. He thought the two months restriction in section 6 of act of 1848, only applied to corporations formed under that act and that the acts of 1860, relating to wills, repealed " the last clause of that section."

The Court of Appeals decided that the act of 1860 was not a repeal of the restriction as to two months in the act of 1848, but was in entire harmony with it. That the law of 1860 was not repugnant to the provisions that there shall be no valid devise or bequest, unless the will be made more than two months before death.

The question again was presented to the Court of Appeals in *Kerr* v. *Dougherty* (79 N. Y., 327).

The testator in this case died about three weeks after the will was executed. He made a bequest to a New York religious educational institution, "The Union Theological Seminary." This corporation was created by special act in 1839. The charter was amended in 1870, making it subject "to all the provisions of law relating to devises and bequests by last will and testament."

The provisions of section 6 of Law of 1848 was applied to this bequest, and it was decreed void, the court holding that the charter containing the clause subjecting it to the laws as to wills, brought it within the section in question requiring two months to elapse between the execution of a will and the testator's death. There was another legacy to the New York City Missionary and Tract Society, a New York corporation, and a bequest to a Pennsylvania corporation for religious uses, upon the ground that by the law of Pennsylvania there must elapse at least one month between the execution of the will and the death of testator. A bequest is equally void when it is invalid in the State where the will is made, or in the State where it is to be administered.

The precise question presented in this case, it will be seen, has never been decided by the Court of Appeals. It is decided that the last clause of section 6 of the Laws of 1848 is not repealed. That corporations like this in question, if they were State corporations, would be included in the class of corporations described in the law of 1848. That a New York corporation is subject to this clause by being made "subject to existing laws," and "subject to all the provisions of law relating to devises and bequests by last will and testament." That this section in the law of 1848 is a part of existing laws relating to wills. There is no apparent reason why the rule should not be the same in all cases. If the Court of Appeals had not arrived at the conclusion that section 6 of Laws of 1848 was intended to be a general one, it could not have subjected corporations to its provisions who were simply subject to laws in reference to wills. A law referring to corporations created under the act of 1848 would in no such sense be laws relating to wills.

Judge MILLER says: "It may be added that as devises and bequests pertain to wills, it is not apparent why the provision in

question does not relate to them." He also says, that "the various acts of the legislature which have been cited would seem to indicate a general policy of the State in reference to restricting devises and bequests made to corporations of a particular class."

The language of Judge FOLGER in the opinion of the court in *Lefevre* v. *Lefevre* is not less suggestive. In speaking of this section 6 of the Laws of 1848, he uses this language : "One restriction limits the quantity that may be taken. One the quantity that can be given. One the persons who may give."

If the restriction reaches testator it reaches all testators.

My conclusion therefore is, that a testator cannot give more than one-half of his estate, if he leaves wife and father, and then only by will executed at least two months before his death. This conclusion renders unnecessary the points presented by the corporation appellant upon this appeal.

The judgment and order granting allowances should be reversed and a new trial granted, costs to abide event.

DYKMAN, J., concurred.

CULLEN, J. (dissenting) :

In *Chamberlain* v. *Chamberlain* (43 N. Y., 425) a legacy to a foreign religious and charitable society was upheld, though the will was executed less than two months before the testator's death. The point that the bequest was void because of the time of the execution of the will, as prescribed by the act of 1848, was not discussed either by counsel or court. But the eminence of the counsel engaged and their failure to present the point is evidence that they did not regard the point as tenable. In *Lefevre* v. *Lefevre* (59 N. Y., 434) the corporation to which a bequest was adjudged invalid was by express enactment subjected as to the receipt of devises and gifts to the restrictions of the general act of 1848. The only point there decided was that the act of 1860 as to wills did not repeal the restrictions in the act of 1848. In *Kerr* v. *Dougherty* (79 N. Y., 327) it was held, as to certain domestic charitable corporations, that provisions in their charters that they might take and hold by gift, grant, devise or otherwise, subject to all provisions of law relating to last wills and testaments, subjected such corporations to the restrictions of the act of 1848, and it was

further held that legacies to certain foreign corporations were void on account of statutory regulations, as to such corporations, of the State which chartered them. It is on the last case that the contention of the plaintiff is principally based. To maintain it, it must be established that the provision in the act of 1848 is in effect a general law acting upon the power of testators to give bequests or make wills in favor of charitable societies, and not simply limitations upon the powers of such societies to take bequests. I think the prevailing opinion in *Kerr* v. *Dougherty* does not support the claim. The main argument of that opinion is to show that by the terms of their charters the domestic societies were made subject to the provisions of the act of 1848. If the plaintiff's interpretation of the law is correct this was wholly unnecessary. It being shown that they were charitable institutions, of course the general law would apply and it would be incumbent upon the societies to show that they were exempted from it. In the dissenting opinion of Judge EARL it said that there was no claim made that the two months' limitation of the act of 1848 applied to the Pennslyvania corporation. As a matter of fact in that case, by the judgment of the Special Term (which was acquiesced in by all parties), the legacy of $5,000 and five twenty-sixths of the residue to the Presbyterian Board of Foreign Missions was adjudged valid. Yet this legatee was a religious and charitable society incorporated by this State by special act and with no exemption in terms from the operation of the act of 1848. Upon the theory here contended for I cannot see why such legacy was not void. I admit that in none of the cases cited (except the Special Term decision referred to) was the question here under review actually decided. But the general tenor of the authorities to my mind tends not to support but to oppose the construction of the act of 1848 contended for. Certainly as a mere question of language or terms, the provision of that act is a limitation upon the power of certain corporations to take, and not a general limitation upon the power of testators to give. Unless authority compels us, which I do not think the case, we are not justified in extending the effect of that provision beyond the natural import of the language used. The judgment below that the bequests to the defendant corporations was not void because the will was executed within two months prior to the testator's death was therefore correct.

The act of 1860 concededly applied to those legacies, and so the trial court held. They were void as to the excess beyond one-half of the testator's estate. I think the court erred in computing the value of such legacies. They were all gifts in remainder after the expiration of life estates. It was held that in determining their amount, the value of the antecedent life estates should not be considered. This was erroneous. The estate is to be valued as of the time of the testator's death. (*Harris* v. *American Bible Society*, 2 Abb. Ct. of App., 316.) A legacy of $20,000 payable after the death of a person or after ten years is a very different thing in value from $20,000 outright. In *Chamberlain* v. *Chamberlain* (*supra*) it was held that, for the purpose of estimating the value of an estate under this act, the value of the wife's dower was to be deducted, upon the ground that such dower or life estate was no part of the testator's estate.

If the testator gives a remainder after a life estate, I cannot see why the same principle does not apply, and why the value of the gift should not be determined in the same manner as the testator's estate, to wit, by deducting the value of the life estate. If instead of these life estates and remainders being created by the testator's will, the testator himself, at his death, had been entitled to a fund of $20,000 after the decease of his father, it would have been undoubted in valuing his estate that this remainder would have been taken not at $20,000, but at such sum less the value of the life interest.

Had he given such remainder to a legatee would its value have been any greater in the hands of the legatee than as part of the estate of the deceased?

Now it is palpable that the value of this gift is just the same, whether the division into life estate and remainder was made by the will of the testator or anterior thereto.

The thing itself is not changed by the consideration of how it was created.

The legacy to the Orient church I think did not abate.

The judgment appealed from should be modified in conformity with this opinion.

Judgment reversed and new trial granted, costs to abide event, and order to be settled by Justice BARNARD.