33  411
33ap 54

CHARLES J. HARRIS AND ROBERT C. REEVES, AS EXECUTORS, ETC., OF ABRAHAM DENICK, RESPONDENTS, *v.* THE AMERICAN BAPTIST HOME MISSIONARY SOCIETY AND OTHERS, DEFENDANTS AND APPELLANTS, IMPLEADED WITH ELIZABETH A. DENICK AND OTHERS, RESPONDENTS.

*Religious and charitable corporations — right of, to take bequests and devises by will — when the will need not be made two months before the testator's death —* 1848, *chap.* 319 — 1860, *chap.* 360.

Bequests and devises to religious societies incorporated under the act of 1813, and the acts amendatory thereof and supplementary thereto, are not subject to the provisions contained in section 6 of chapter 319 of 1848, making all devises and bequests to corporations formed thereunder invalid if the will in which they are contained was not made and executed at least two months before the death of the testator.

The American Baptist Home Missionary Society was incorporated by chapter 117 of 1843. By chapter 35 of 1849 its charter was amended by embodying therein the restrictions and limitations contained in the said act of 1848. By chapter 196 of 1877 the charter was again amended by eliminating all reference to the act of 1848, and making every bequest subject to the provisions of chapter 360 of 1860.

*Held,* that bequests to the said corporation ceased, after the amendment of 1877, to be subject to the requirements that the will be executed two months prior to the testator's death, imposed by the act of 1848.

APPEAL from a judgment, entered upon the trial of this action at a Special Term.

*John H. Deane* and *S. P. Nash,* for the Tabernacle Baptist Church, appellant.

*Cephas Brainerd,* for other appellants.

*Homer Nelson,* for the respondents.

DAVIS, P. J. :

This action was brought to obtain a judicial construction of the will of Abraham Denike. The testator died September 6, 1879, leaving a niece and two nephews his only heirs-at-law and next of kin, whom he also made the residuary legatees of his estate. The will was made less than two months prior to the testator's death. It contains the following bequests :

To the American Baptist Home Missionary Society, $5,000 for the church edifice fund.

To the American Baptist Missionary Union, $5,000.

To the Baptist Home for the Aged in the city of New York, $5,000.

To the board of trustees of the Tabernacle Baptist Church of the city of New York, $8,000.

The Special Term held each of these bequests to be invalid under the provisions of chapter 319 of the Laws of 1848, because the will was made within two months of the testator's decease.

*Stephenson* v. *Short* (92 N. Y., 433, affirming same case, 27 Hun, 380), settles that the act of 1848 invalidates all bequests to benevolent, charitable, scientific and missionary societies which are, or have been made, subject to its provisions. As to all the questions affecting the several appellants, considered in the opinion of the court at Special Term, we think the views expressed by the learned judge are correct; but the opinion fails to consider the questions presented here by some of the appellants.

The appellant, the Tabernacle Baptist Church, to which a bequest of $8,000 is given, is a religious corporation formed under the act of 1813 and its several amendments. This corporation is entirely different from the " benevolent, charitable, scientific and missionary societies," which may be incorporated under the act of 1848 (chap. 319, Laws of 1848); and it is not, we think, subject to the provisions of the act of 1848, except so far as the legislature has made it so by subsequent enactment. Chapter 79 of the Laws of 1875 (p. 443) disposed of the question whether religious corporations created under the act of 1813 can take by will; and in so taking, it subjected them to the provisions of chapter 360 of the Laws of 1860, entitled " An act relating to wills," which provided that no person having a husband, wife, child or parent living shall devise or bequeath more than one-half of his estate to benevolent and religious purposes. Such bequests of the will now in question, it is shown do not equal one-fourth of the testator's estate. There is nothing therefore in the act of 1860 that can impair the will in this case, even if it be held to be within the description of that act (which we think could not be done). We are referred to no statute subjecting religious corporations created under the Laws of 1813 to the two months

restriction of the act of 1848. None of the cases in the court of last resort seem to touch the question. (*Lefevre* v. *Lefevre*, 59 N. Y., 434.)

In *Kerr* v. *Dougherty* (79 N. Y., 327) a devise to a religious corporation, created under the act of 1813, was sustained by the General Term, but no appeal was taken to the Court of Appeals therefrom. (*Marx* v. *McGlynn*, 88 N. Y., 357 ; *Stephenson* v. *Short*, 92 N. Y., 433.) These cases all related to benevolent and missionary societies. *Stephenson* v. *Short* comes nearest the point, but in that case " The Baptist Missionary Convention" which claimed under the will was incorporated by a special act, which subjected it to the existing provisions of law in terms which the court construed to bring it within the two months' restriction of the act of 1848.

No such language is found in the act of 1875 which authorizes gifts to religious societies incorporated under the act of 1813 and expressly subjects them to the provisions of the act of 1860, without allusion to the act of 1848 in either general or express terms. It may well be claimed that the maxim *expressio unius est exclusio alterius* applies. The legislature had both the act of 1848, and that of 1860 before them and it elected to subject this class of religious corporations to the latter. It requires too great stringency of construction for courts to do more than the legislature has seen fit to do. We are therefore of opinion that the bequest to the Tabernacle Baptist Church is valid.

The American Baptist Home Mission Society was incorporated in 1843. (Chapter 117, Session Laws 1843.) In 1849 (chap. 35 of 1849) the legislature amended the act incorporating this society, and amongst other things embodied in section two of the act the restrictions and limitations contained in the act of 1848. (Laws of 1849, p. 30.) The charter continued in that form till 1877, when the legislature passed an act entitled " An act further to amend chapter one hundred and seventeen of the laws of eighteen hundred and forty-three, entitled ' An act to incorporate the American Baptist Home Mission Society.' " (Chap. 196 of 1877.) By this amendment section two of the charter as it was amended in 1849, was again amended by wholly eliminating all reference to the act of 1848, and substituting in its place these words, " provided that every such bequest or devise shall be subject to the provisions of

the act (chapter) three hundred and sixty of the Laws of eighteen hundred and sixty." The effect of this amendment was, in our opinion, to relieve this society from the restrictive operation of the provisions of the act of 1848, and subject it to the different and somewhat conflicting provisions of the act of 1860. The legislature must be presumed to have intended something by the change, and it is difficult to see what else could have been intended. There are no references in this charter, as now amended, which subject bequests to this society to the limitations "of existing laws;" and we think the courts cannot impose any restrictions on the power to take greater than those specially imposed by the charter as last amended.

There is nothing in the limitations of the present charter which prevents this appellant from taking the bequest.

As to all the other bequests the court below properly disposed of the questions arising in the case. We think the judgment must be modified by holding that the gifts to the Tabernacle Baptist Church and to the American Baptist Home Missionary Society are valid, and that they are respectively entitled to judgment directing their payment, with costs; and as so modified that the judgment appealed from be affirmed.

We think this a proper case in which to direct the costs of the appeal of all the parties to be paid out of the fund.

BRADY and DANIELS, JJ., concurred, citing *Haths* v. *Haths* (18 Weekly Dig., 544).

Judgment modified as directed in opinion, and affirmed as modified; costs of all parties to be paid out of the fund.