IN ˙ THE MATTER OF THE PROBATE OF THE LAST WILL AND
TESTAMENT OF DENTON F. CONNER, DECEASED.

*Devise or bequest to charitable corporations — the provision in section 6 of chapter 319 of
1848, requiring a will to be executed two months before the death of the testator was
not altered or repealed by chapter 641 of 1881.*

Chapter 641 of 1881, increasing the amount of real and personal estate which all
corporations, theretofore or thereafter formed under and in pursuance of
chapter 319 of 1848, should be capable of taking, receiving, holding and pur-
chasing, "subject, however, to the restrictions upon devises and bequests
contained in an act entitled ' An act relating to wills,' passed April 13, 1860,"
was not intended to change or alter that portion of section 6 of chapter 319
of 1848, which authorizes corporations formed under it to take, hold or receive
any property, real or personal, by virtue of any devise or bequest, provided
that "no such devise or bequest shall be valid in any will which shall not have
been made and executed at least two months before the death of. the testator "

APPEAL from a decree of the surrogate of the county of New
York.

Denton F. Connor, on ˙ the 16th of January, 1886, made a will,
and died on the twenty-third of January following.　On the 23d of
July, 1886, the said will was admitted to probate by the surrogate
of the county of New York.　By the said will the said Denton F.
Conner bequeathed to his executor all his estate, real and personal,
in trust to take possession of all said real estate and sell and dispose
of the same, and out of the proceeds to pay all just debts and funeral
expenses and to pay all the rest residue and remainder thereof to The
Home for Incurables, a corporation created in the year 1886, under
chapter 319 of the Laws of 1848 entitled " An act for the incorpo-
ration of benevolent, charitable, scientific and missionary societies."
Some questions having arisen as to the validity of this bequest, a
construction of the will by the surrogate was asked for and it was
decided by him that under said will the real estate of the testator
was converted into personalty, and that the gift to the Home for
Incurables was void, the will not having been made two months
before the testator's death as required by section 6 of chapter 319
of the Laws of 1848 and that the next of kin of the testator were
entitled to the personal property left by him after paying all debts
and expenses, and that the real estate left by him, or the proceeds

thereof, should go and belong to the person or persons who would have been entitled to such property if the conversion thereof had not been directed by said will. From this adjudication this appeal is taken by the Home for Incurables.

*James S. Sterns*, for The Home for Incurables, appellant.

*W. H. Hamilton*, guardian *ad litem* for certain infants, next of kin, and *C. W. Pleasants*, for certain other next of kin, respondents.

VAN BRUNT, P. J.:

That by the will the real estate was to be deemed converted into personal estate at the death of the testator does not seem to admit of argument. The direction is explicit to the executors to convert into personal property, and the bequest to the Home for Incurables is of personal property, and as such the Home for Incurables must take it, and as such can only claim it. The conversion took place at the death of the testator irrespective of any action on the part of the executors.

As has been said, the corporation, The Home for Incurables, was incorporated under chapter 319 of the Laws of 1848. In 1878, by chapter 137, The Home for Incurables was authorized to take and hold real estate to the amount of $250,000. By chapter 641 of the Laws of 1881 it is provided that "all corporations already formed, or which hereafter may be formed, under and in pursuance of chapter 319 of the Laws of 1848, * * * and the several acts amendatory thereof, * * * shall in law be capable of taking, receiving, purchasing and holding real estate, for the purposes of their corpo ration, to an amount not exceeding the sum of two hundred thousand dollars in value, and personal estate, for like purposes, to an amount not exceeding the sum of two hundred thousand dollars in value ; but the clear annual income of such real and personal estate shall not exceed the sum of fifty thousand dollars, subject, however, to the restrictions upon devises and bequests contained in an act entitled 'An act relating to wills, passed April 13, 1860.'" It is claimed upon the part of the appellants that this law of 1881 repealed all restrictions upon devises to charitable corporations theretofore existing except those contained in the act of 1860 (chap. 360), and in the discussion of this question it seems to have been assumed by

the counsel for both parties that this law of 1881 in some manner superseded or was amendatory of section 6 of chapter 319 of the Laws of 1848. An examination, however, of that chapter, and of the law of 1881, will show that the law of 1881 was not intended to be an amendment of and that it has no relation to section 6 of chapter 319 of the Laws of 1848. That section reads as follows: "Any corporation formed under this act shall be capable of taking, holding or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whomsoever, the clear annual income of which devise or bequest shall not exceed the sum of ten thousand dollars; provided no person leaving a wife or child or parent, shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-fourth, and no such devise or bequest shall be valid in any will which shall not have been made and executed at least two months before the death of the testator."

It is to be observed that the limitations in this section as to the corporation receiving and holding property, depend upon the manner in which the title is to be acquired. The provision is that the corporation shall not, by virtue of any devise or bequest contained in any will, be capable of taking any property where the clear annual income of the devise or bequest shall exceed the sum of $10,000. There is no limitation here upon the corporation taking property to any extent by gift. The only limitation is upon receiving or taking property by devise or bequest, and has no relation to the power of the corporation to take and receive, purchase and hold real estate for the purposes of its incorporation, received otherwise than by devise or bequest. Therefore, if there were nothing else in the act of 1848, it would not appear that the provisions of the act of 1881 have any relation whatever to those of the act of 1848. But when we come to see the provisions of section 2 of the latter act, it is very apparent that the act of 1881 has relation to the provisions of section 2 of the act of 1848, and to no other part of that act. Section 2 provides that, "upon filing a certificate as aforesaid (provided in section 1), the persons who shall have signed and acknowledged such certificate, and their associates and successors,

shall thereupon, by virtue of this act, be a body politic and corporate by the name stated in such certificate, and by that name they and their successors shall and may have succession and shall be persons in law capable of suing and being sued * * * and they and their successors by their corporate name" (and here follows language exactly similar to that contained in the act of 1881, with the exception of the amounts being different) "shall in law be capable of taking, receiving, purchasing and holding real estate for the purposes of their incorporation and for no other purposes" (the words "and for no other purposes" being left out of the act of 1881) "to an amount not exceeding the sum of fifty thousand dollars" ($200,000 being in the act of 1881) "and personal estate for like purposes to an amount not exceeding the sum of seventy-five thousand dollars" ($200,000 being in the act of 1881) "in value, but the clear annual income of such real and personal estate shall not exceed the sum of ten thousand dollars" ($50,000 being the amount named in the act of 1881). It is quite apparent, therefore, that the act of 1881 in no manner attempted to interfere with or amend section 6 of the act of 1848. It was simply an enlargement of the powers of the corporation, as limited by section 2 of the act of 1848, and nothing more. As has been already stated, section 6 related to the power of the corporation to take by devise. Section 2 related to the power of the corporation to hold property, no matter how acquired, and the laws of 1881 related precisely to the same subject.

It is now necessary to consider whether the addition of the words in the act of 1881, "subject, however, to the restrictions upon devises and bequests contained in an act entitled 'An act relating to wills,' passed April 13, 1860,"' has made any change in the law as it existed at the time of the passage of the act of 1881. It has been held that by the passage of the act relating to wills passed April 13, 1860 (chap. 360), the legislature increased the limit of charitable bequests from one-quarter to one-half, where the testator left a husband, wife, child or parent, but that the restriction contained in the last part of section 6, that no devise to a charitable corporation shall be valid in any will which shall not have been made and executed at least two months before the death of the testator, was not affected by the act of 1860. In constructing legislative enact-

ments the intention of the legislature must govern, and repeals by implication are not to be favored. It is not necessary to cite authorities to sustain this proposition, and unless the provisions of the act of 1881 are inconsistent with the provisions of section 6 of the act of 1848, and there is a plain intention on the part of the legislature to repeal the provisions of the act of 1848, such provisions still exist and are binding. The main argument upon the part of the appellant seems to have been based upon the fact that there was a declared intention upon the part of the legislature by the act of 1881, to alter, change, amend or appeal section 6 of the act of 1848 ; and the whole strength of his argument depends upon the existence of this fact. It has been seen by a comparison of the act of 1881 and the act of 1848, that there was no intention on the part of the legislature, by the act of 1881, to interfere with that part of section 6, which it is argued was affected by the provisions of the act of 1881. The provisions of the act of 1881 no more repeals section 6 of the act of 1848 than does section 2 of that act ; and as the provisions of the act of 1881 have been shown to be simply an amendment of section 2 of the act of 1848, there is no greater inconsistency between the existence of these sections as amended, than existed when they were originally enacted. There would seem, therefore, to have been no intention upon the part of the legislature, by the act of 1881, to interfere with the provisions of section 6 of the act of 1848.

It is true that the act of 1860 enlarged some of the provisions of section 6 of the act of 1848, but the balance of the section remained in full force and effect including the two months limitation. (*Lefevre* v. *Lefevre*, 59 N. Y., 434; *Stephenson* v. *Short*, 92 N. Y., 433.) The reference to the act of 1860, in the act of 1881, was simply a declaration that the act of 1860 applied to corporations formed under the act of 1848, and that the act of 1881, increasing the corporative power to take and hold, should not be deemed in any way to have repealed the act of 1860, limiting in certain cases the amount of devises or bequests, and it does not seem to have been inserted for any other purposes. As the act of 1881 does not repeal the provisions of the said section 6 by direct enactment, it is difficult to see how a repeal by implication is to be sustained when such repeal runs counter to the whole policy of the law in reference

to devises to corporations and said section 6 is in no way inconsistent with any of the provisions of the act of 1881. It does not seem necessary to discuss this question further, as the whole foundation of the argument of the repeal by implication seems to rest upon the assumption that the law of 1881 showed an intent on the part of the legislature to change the provisions of section 6 in some respects at least, whereas it has been shown that it had no application whatever to that section but was intended to amend section 2. Adopting this view full effect is given to all the legislative enactments, and an intent to legislate upon a subject which is not at all germain to the matters legislated upon by the act of 1881, is not extorted from a very simple provision amending section 2 of the act of 1848.

The decree of the learned surrogate must, therefore, be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Decree affirmed, with costs.