of her helplessness, Mrs. Sanders informed the plaintiff just before she went to the Haights that she must leave her home, as she did not have the time to attend to her. This fact is sworn to by the plaintiff herself. The plaintiff is old and forgetful, and I think the evidence fairly tends to show that some of these small checks, at least, were made or authorized by her, and that she was wronged by the Haights with reference to some of the checks which were not authorized by her. Upon the whole case, I am satisfied there was no evidence before the jury tending to show that the defendant paid this money otherwise than in the ordinary prudent conduct of its business, and that it exercised at least ordinary care for the preservation of the plaintiff's money. The defendant's motion for a nonsuit should therefore have been granted.

The judgment and order are therefore reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

## PEARSON v. ST. MARY'S HOSPITAL OF CITY OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department. June 15, 1906.)

WILLS—DEVISES TO BENEVOLENT, CHARITABLE, ETC., CORPORATIONS—VALIDITY —STATUTORY PROVISIONS.

Laws 1848, p. 448, c. 319, § 6, relating to benevolent and charitable, etc. corporations, provides that any corporation formed under the act shall be capable of taking, etc., any property, real or personal, by virtue of any devise or bequest, the annual income of which shall not exceed $10,000, provided no person leaving a wife or child or parent shall devise or bequeath to such institution more than one-fourth of his estate after the payment of his debts, and such devise or bequest shall be valid to the extent of such one-fourth, and no such devise or bequest shall be valid in any will which shall not have been executed at least two months before the death of the testator. Laws 1903, p. 1412, c. 623, enacted that said section 6 should be amended so as to provide exactly the same limitation in reference to the two months before the testator's death which existed in the original. *Held*, that said section 6 as originally enacted was not repealed by subsequent acts, and that a devise under a will executed less than two months before testator's death, to a hospital organized under said act of 1848, was invalid.

Appeal from Special Term, Kings County.

Action by Robert F. Pearson against the St. Mary's Hospital of the city of Brooklyn, impleaded with John J. Collins, Jr., etc., and others. From an interlocutory judgment overruling defendant's demurrer to the complaint, it appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

John R. Kuhn, for appellant.
Omar Powell (Daniel L. Cady, on the brief), for respondent.

WOODWARD, J. While the pleading in this action is evidently based upon the theory that it is an action in equity, the facts stated, for the purposes of a demurrer, appear to bring the case within the provisions of section 2653a of the Code of Civil Procedure, so that it hardly appears necessary to determine the character of the action; and

as all of the parties who are necessary to the determination of the question at issue are before the court, and there are none to be prejudiced by the judgment, the only question necessary to determine is whether the provisions of section 6, c. 319, p. 448, Laws 1848, are still in force. The complaint alleges that the corporations whose rights under the will of David Pearson are challenged were organized under the provisions of the act cited, and this is admitted by the demurrer; and, if section 6 of said act is still in force, the testator having died within three days of the making and publishing of his will, there can be no doubt that the plaintiff has stated a good cause of action, and is entitled to the relief which he demands.

Section 6, c. 319, p. 448, of the Laws of 1848, provided:

"Any corporation formed under this act, shall be capable of taking, holding, or receiving any property, real or personal, by virtue of any devise or bequest contained in any last will or testament of any person whatsoever, the clear annual income of which devise or bequest shall not exceed the sum of ten thousand dollars; provided, no person leaving a wife or child or parent, shall devise or bequeath to such institution or corporation more than one-fourth of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of such one-fourth, and no such devise or bequest shall be valid, in any will which shall not have been made and executed at least two months before the death of the testator."

Clearly, if this provision of law was in force at the time of testator's death, he had no power to give, and the corporations had no power to take, for the will was made within three days of his death; or, to be definite, the will was made and published on the 9th day of June, 1905, the testator dying on the 13th of June, 1905. In Lefevre v. Lefevre, 59 N. Y. 434, 449, it was held that chapter 360, p. 607, of the Laws of 1860, did not operate to repeal, either by implication or by express terms, that part of the proviso of section 6 which forbids the taking of a devise in a will not more than two months before death, and this view was held by the court in Kerr v. Dougherty, 79 N. Y. 327, 336, and we do not find that this construction of the effect of subsequent statutes has ever been questioned. But, assuming the section to have been repealed, the Legislature in 1903, before the making of this will, and before the death of the testator, enacted that section 6, c. 319, of the Laws of 1848, should be amended so as to provide exactly the same limitation in reference to the two months before the testator's death which existed in the original. See chapter 623, p. 1412, Laws 1903. The Legislature not only assumed the original act to be still in force in so far as section 6 was concerned, but it re-enacted the language of the section in so far as the clause in question is concerned, and it had the right to revive that section if it was so disposed, even if the section had been previously repealed. As the law stood at the time of testator's death, he could not devise or bequeath property to corporations created under the provisions of chapter 319, p. 447, of the Laws of 1848, unless he made and executed his will at least two months before his death; and it is not disputed that the will here under consideration was made only a few days before testator's death. It was evidently the intention of the Legislature to protect persons who were near to death from the

importunings of this class of corporations, and the policy of the state having been declared so lately as 1903, this court will hardly assume that the legislative department was in error in assuming that section 6 stood unrepealed, and especially in view of the decisions which have been cited.

We are of opinion that the complaint states a good cause of action, and that the interlocutory judgment overruling defendant's demurrer should be affirmed, with costs. All concur.