said corporation, and that said corporation is not organized or conducted for the purpose of making, directly or indirectly, any pecuniary profit for such corporation, its officers, or members."

We are therefore of the opinion that the character of the corporation as judged by its charter is both "charitable" and "benevolent," that there is no evidence to show that this character has been assumed as a cloak for ulterior designs, and that there is no legal or reasonable ground for assuming that the corporation will in the future abandon its charitable and benevolent purposes, and turn its property and funds into a means for acquiring private and noncharitable gains.

It follows that it is entitled to the exemption claimed, and that the order, in so far as appealed from, must be so modified as to exempt the legacy in question from payment of the transfer tax. Settle order on notice. All concur.

---

### In re NEW YORK LIFE INS. & TRUST CO.

### In re SMITH'S ESTATE.

(Supreme Court, Appellate Division, Second Department. April 16, 1915.)

WILLS ☞3—GIFTS TO CHARITABLE CORPORATIONS—CAPACITY OF CORPORATIONS TO TAKE—STATUTES.

A charitable corporation incorporated under Laws 1841, c. 118, made subject to Laws 1860, c. 360, by Laws 1864, c. 57, amending the original charter, has legal capacity to take a legacy, for the amendment did not by implication make it subject to Laws 1848, c. 319, restricting the capacity of corporations to take testamentary gifts.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 3; Dec. Dig. ☞3.]

Appeal from Surrogate's Court, Rockland County.

Judicial settlement of the account of the New York Life Insurance & Trust Company, as executor of William Alexander Smith, deceased. From a part of the decree of the Surrogate's Court (85 Misc. Rep. 636, 149 N. Y. Supp. 24), the New York Bible & Common Prayer Book Society appeals. Reversed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Charles L. Jones, of New York City, for appellant.

Francis C. Huntington, of New York City, for respondents Stewardson.

William R. Maloney, of New York City (Edward B. Boise, of New York City, on the brief), for respondents Smith.

Emmet & Parish, of New York City, for New York Life Ins. & Trust Co., as executor.

CARR, J. This court is of opinion that the appellant has legal capacity to take the legacy in question. It was not incorporated under chapter 319 of the Laws of 1848, but under a special act (chapter 118 of the Laws of 1841). While chapter 57 of the Laws of 1864, which amended the original charter, made the corporation subject expressly to chapter 360 of the Laws of 1860, it did not, ex proprio vigore, make it subject to the still existing provisions of the act of 1848.

The learned surrogate seems to have acted in accordance with what is contended to have been held in Lefevre v. Lefevre, 59 N. Y. 434. The question presented on this appeal was not before the court in the Lefevre Case. There a charitable corporation had been made by statute expressly subject to certain provisions of the act of 1848, and it was held that the act of 1860 did not repeal any provisions of the earlier act which were not inconsistent· with the later act. While both acts could stand together so far as their provisions were consistent and harmonious, yet both acts did not lose their separate identity and become so merged that when the Legislature, as in this case, in express terms made the appellant subject to the act of 1850, it intended necessarily, by implication, to make it subject also to an earlier statute to which it made no reference.

The decree of the Surrogate's Court of Rockland County, so far as appealed from, is reversed, with costs to the appellant payable out of the estate, and the matter is remitted to that court to proceed therewith in accordance with this opinion. All concur.