Matter of the Estate of CLARA E. SEABURY, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Legacy — wills — intention of testatrix — evidence — associations — accounting.

Where a testatrix leaves a legacy to the " Old Ladies Home in said New Bedford" and it appears that there is no institution of that exact title in New Bedford but that there are two similar corporations there, one the " New Bedford Home for Aged" and the other the "Association for the Relief of Aged Women in New Bedford," the surrogate in ascertaining which was intended will examine not only the charters of the two institutions but, if they afford no satisfactory basis for a determination, will also consider extrinsic evidence.

Where the names and charters of the institutions furnish no satisfactory grounds for a decision, since both corporations perform services similar to those testatrix evidently had in mind, but one of the institutions submits affidavits showing that it is colloquially known as the " Old Ladies " in New Bedford; that testatrix had knowledge of its work through her relatives and that she had heard one of them refer to it as the " Old Ladies," the executors on their accounting will be directed to pay the legacy to such institution.

45

Surrogate's Court, New York County, June, 1919.     [Vol. 107.

PROCEEDING upon the accounting of executors.

Du Bois & McDermott, for executors.

Wilford H. Smith, for New Bedford Home for the Aged.

Walter K. Earle, for Association for Relief of Aged Women.

FOWLER, S.   Upon the accounting of the executors a question is presented to the court for determination in relation to the identity of the legatee mentioned in paragraph 28th of the will of the testatrix.   In that paragraph she gives '' $5,000 to the Old Ladies Home in said New Bedford.''

There is no incorporated or unincorporated organization in New Bedford officially known as the '' Old Ladies Home.''   There is an incorporated association known as the '' New Bedford Home for Aged,'' and according to its articles of incorporation it was organized for the '' establishment and maintenance of a place for charitable and benevolent purposes, for aiding and assisting and otherwise caring for aged and indigent persons.''   It maintains a residence or home in New Bedford in which indigent old persons are cared for.   An admission charge is required whenever the applicant has property, and in some cases a weekly or monthly fee is charged for board and maintenance. It does not discriminate against persons because of race, creed or sex.   There is no proof that the testatrix knew of the work performed by this corporation, or that she was acquainted with any of its officers or directors.

There is also in New Bedford a corporation whose official title is ''Association for the Relief of Aged

Misc.] Surrogate's Court, New York County, June, 1919.

Women of New Bedford.'' This corporation does not maintain a home, but it gives assistance and relief to '' respectable aged American women of New Bedford, born in the United States.'' The relief or assistance is furnished by the members of the Association, and is paid or given directly to the beneficiaries at their own homes. Women are exclusively the subject of its benevolent activities.

It is evident that neither of the corporations has a name that is exactly or even essentially similar to that used by the testatrix in the 28th paragraph of her will, and therefore neither of them can claim the legacy because of identity of name with the legatee mentioned by the testatrix.

As an aid to the determination of the question as to which of the two corporations performs services of the kind which the testatrix had in mind in making the bequest, the court may examine the charters of the corporations, and ascertain the purposes for which they were organized and the extent of their powers. *St. Luke's Home* v. *Association for Indigent Females,* 52 N. Y. 191. The ''Association for the Relief of Aged Women of New Bedford '' was organized in 1866 for the relief of aged women of New Bedford, and it has continued its benevolent activities in favor of aged women to the present time. The assistance or relief furnished by it is confined exclusively to women. The charter of the '' New Bedford Home for Aged '' shows that it was organized in 1902, but its benevolent activities are not confined exclusively to women, as men are admitted to the home under the same restrictions and with the same privileges as women.

Neither the names nor the charters, however, seem to me to afford the court a satisfactory basis for determining which of the two corporations was intended by the testatrix and I shall therefore consider the extrin-

Surrogate's Court, New York County, June, 1919. [Vol. 107, Misc.]

sic evidence submitted by both corporations in the form of affidavits. *Lefevre* v. *Lefevre,* 59 N. Y. 434; *Ely* v. *Megie,* 219 id. 112. An affidavit submitted on behalf of the "Association for the Relief of Aged Women of New Bedford " shows that the testatrix had knowledge of the work performed by certain of her relatives in that town in connection with the Association for the Relief of Aged Women, and that among those women the association was generally known as the " Old Ladies." Another affidavit submitted on behalf of the association shows that another relative of the testatrix when on a visit to her in New York city referred to her activities in connection with the association, and stated to her that she had to return home and attend a meeting of the " Old Ladies." The president of the New Bedford Charity Organization Society says that the "Association for the Relief of Aged Women in New Bedford " is informally referred to by the people of that town and neighborhood as the " Old Ladies." There is no competent proof in the papers submitted to me that the " New Bedford Home for Aged " is usually or colloquially known as the " Old Ladies Home."

It seems to me, therefore, that the testatrix, having some knowledge of the benevolent activities of her relatives in connection with the Association for the Relief of Aged Women of New Bedford, and having heard the association referred to in conversation with these relatives as the " Old Ladies," intended by the bequest in paragraph 28th of her will to give the $5,000 therein mentioned to the "Association for the Relief of Aged Women of New Bedford." *St. Luke's Home* v. *Association for Indigent Females, supra.*

Decreed accordingly.