NINTH STREET COMPANY,
Defendant below, Appellant,

*vs*

WILMINGTON MONTHLY MEETING OF ·ORTHODOX FRIENDS,
Complainant below, Respondent.

*Supreme Court, on appeal, June T.,* 1914.

APPEAL FROM THE COURT OF CHANCERY. This was an appeal from the decree of the Chancellor entered in the cause below in accordance with the opinion reported *ante p.* 290.

The case was argued at the June Term, 1914, before Pennewill, C. J., and Boyce, Conrad and Rice, J.J., and the opinion delivered at an adjourned term of the Supreme Court, held October 26, 1914.

*Christopher L. Ward* and *Robert H. Richards*, for the appellant.
*William S. Hilles*, for the appellee.

PENNEWILL, C. J. (delivering the opinion of the court). In the above case there was an agreed statement of facts, and the controversy involved principally, if not solely, the construction of *Chapter* 275, *Volume* 11, *Laws of Delaware*, known as the Act of 1855, and having reference to conveyances to religious societies. The particular question before the Chan-

cellor and now before this court, is whether or not the deed tendered by the appellee to the appellant on the thirtieth day of January, 1914, in pursuance of an agreement entered into by them December 4, 1913, conveyed a good fee simple title to the real estate described therein. The bill filed in the Court of Chancery was to compel the specific performance of said contract and after very full argument the Chancellor so decreed, basing his conclusion upon one of the several grounds urged and relied upon by the appellee. We have given the question very careful consideration, not only on account of the importance of this case, but also because there are believed to be many conveyances, heretofore made for the benefit of religious societies, which are in a like situation. While the question seemed for a time not entirely free from doubt, this court has reached the conclusion that said deed made by the appellee to the appellant conveyed a good fee simple title to the real estate mentioned therein, and the decree of the Chancellor is affirmed. Having reached the same conclusion as the Chancellor it is not necessary or important that the ground and reasoning upon which it is based should be stated. The decree of the Chancellor is affirmed.