JOHN J. MONAGHAN,

*vs.*

ANNIE JOYCE.

*New Castle, April* 25, 1918.

Rev. Code 1915, § 2181, providing that no grant, conveyance, devise, or lease of personal or real estate to, nor any trust of such personal or real estate for, the "benefit of, any person, and his successor or successors in any ecclesiastical office" shall vest any estate in such person or his successor, does not apply to a devise of real, personal, or mixed property to a bishop by name "or his successor the Rt. Rev. Bishop of W. Diocese to be applied to such charitable purposes of the diocese of W. as he may deem fitting;" the devise being not to any person or his successor or successors in any ecclesiastical office, but to a person by the designation of his ecclesiastical office.

A gift to a priest or minister in his public office, to be used by him for such public, religious and charitable purposes as he sees fit, is a charitable trust.

A devise in a will to a bishop by name "or his successor the Rt. Rev. Bishop of Wilmington Diocese to be applied to such charitable purposes of the diocese of Wilmington, Delaware, as he may deem fit," is not void for uncertainty as to the class to be benefited; the gift being to such charitable purposes of a territorial division of a certain religious body as the trustee may deem fit.

A charitable gift in a will to a bishop or his successor in office, "to be applied to such charitable purposes of the Diocese of Wilmington as he may deem fit," is not invalid because it imposes on the trustee the duty and right to select the charitable purposes.

A bill for specific performance by one who alleges he was seized in fee will not lie to compel the purchase of land, where such land was devised to complainant in trust for charitable uses; complainant not being free to sell and convey the property as absolute owner.

BILL FOR SPECIFIC PERFORMANCE of a contract to sell real estate. The facts appear in the opinion of the Chancellor.

*Charles F. Curley*, for the complainant.
*William F. Kurtz*, for the defendant.

THE CHANCELLOR. This case was heard upon bill and answer at the election of the complainant. The bill is one for specific performance of a contract between John J. Monaghan, the complainant, and Annie Joyce, one of the defendants, for the sale by the former to the latter of a lot of land in Wilmington, with five dwelling houses thereon erected, alleged to have been devised by the will of John A. Lyons as part of the residue of his estate in fee simple "free of all trusts or conditions." The residuary clause of the will, probated in August, 1916, is as follows:

"12th—All the rest and residue of my estate, real, personal or mixed of whatsoever kind and wheresoever situate, at the time of my decease I give, devise and bequeath to the said Rt. Rev. John J. Monaghan or his successor the Rt. Rev. Bishop of Wilmington Diocese to be applied to such charitable purposes of the Diocese of Wilmington, Del. as he may deem fitting."

John J. Monaghan, the complainant, was and is the Bishop of the Roman Catholic Diocese of Wilmington. After the argument an opinion was filed, in which I declined to decide the case until the heirs at law of the testator were made parties defendant, in case the devise be held void. Later a petition was filed by Catharine Lyons as sister and sole heir at law of the testator, John A. Lyons, asking to be made party to the cause, "in order that this honorable court may decree as it deems right and fitting," and declaring that she was desirous to effectuate the intention of the testator as expressed in his will. Thereupon an order was made admitting her to be a party complainant. No argument was made in her behalf.

Was the devise invalid by reason of any statute of Delaware? By *Chapter* 68, § *18, of the Revised Code of* 1915, *par.* 2181, *p.* 1044, it is provided, as follows:

"No grant, conveyance, devise or lease of personal or real estate to, nor any trust of such personal or real estate for the benefit of any person, and his successor or successors in any ecclesiastical office, shall vest any estate or interest in said person or his successor; and no such grant, conveyance, demise, or lease to or for any such person by the designation of any such office, shall vest any estate or interest in any successor of such person. But this section shall not be deemed to admit the validity of any such grant, conveyance, devise or lease heretofore made."

By the residuary clause the devise was to John J. Monaghan
as Bishop, an ecclesiastical office. The testator intended to give·
the land to the person who at his death should hold the ecclesias-
tical office of Bishop of the Roman Catholic Church in the Diocese
of Wilmington; for the devise was given to John J. Monaghan,
"or his successor the Rt. Rev. Bishop of Wilmington Diocese,"
i. e., to John J. Monaghan if he were then the Bishop of the Diocese,
and, if not, then to whoever should then hold the office as his
successor. John J. Monaghan could take title (if at all) only be-
cause he was at the death of the testator the holder of that office.

Paragraph 2181 (*Revised Code of* 1915) is *section* 1 *of chapter*
275, *vol.* 11, *Laws of Delaware*, passed March 1, 1855, and the title
of the act is "An Act in Relation to Conveyances and Devises
of Personal and Real Estate for Religious Purposes." All of the
sections of the act, except section 1, clearly and expressly relate
to the matters stated in the title to the act, viz. grants, etc., for re-
ligious purposes, and none to grants for charitable purposes. The
case of *Wilmington, etc., Friends v. Ninth Street Co.*, 10 *Del. Ch.*
290, 91 *Atl.* 542, affirmed by the Supreme Court 10 *Del. Ch.* 479,
92 *Atl.* 1085, does not apply for the comments on the Act of 1855
were applicable to grants, etc., for religious purposes, and are not
necessarily applicable to grants for general charitable purposes.

The quoted section of the Code does not apply in the devise
in question. There was no devise to any person and his successor
or successors in any ecclesiastical office. There was a device to a
person by the designation of his ecclesiastical office; but that form
of gift is not prohibited by the statute. It does not even provide
that a devise of land to or for a person by the designation of an
ecclesiastical office should not vest in any successor of the devisee
any estate or interest in the land devised, though obviously in
this case such a prohibition would be unimportant as the com-
plainant was the original devisee and not the successor of the
devisee in an ecclesiastical office.

In form the devise is not to John J. Monaghan and his suc-
cessor in the ecclesiastical office of Bishop, nor if he had died
before the testator would it have been a devise to the incumbent
of the office, whoever he might then have been, and his successor
in such office. It is a devise to the person who at the death of the

testator should be the incumbent of the office. Upon the death of John J. Monaghan, seized of the property, the title to it would not vest in his successor in the office, and the same is true as to his successor in office in case he had died in the life of the testator. There is, then, no statutory objection to the validity of the devise. There is judicial authority to support the gift.

A gift to a priest or minister in his public office, to be used by him for such public, religious and charitable purposes as he sees fit, will be held to be charitable; but it must be a gift to the donee in his official capacity to be expended for public charitable purposes; for if it is a gift to the person, or individual, in his private capacity, for his individual benefit and relief, it will not be charitable, though the individual is described in his official character. 2 *Perry on Trusts*, (*6th Ed.*) § 703 *p.* 1152; citing *Thornber v. Wilson*, 3 *Drew.* 245; *s. c.*, 4 *Drew.* 350; *Doe v. Aldbridger*, 4 *T. R.* 264; *Doe v. Copestake*, 6 *East*, 328; *Morica v. Durham*, 10 *Ves.* 522.

"The question whether there is a charitable gift does not depend on the fact that there is a gift to an individual describing him as minister; but on whether the testator designates the individual as such, or as being the person who happens to fill the office." *Thornber v. Wilson*, 4 *Drew.* 350, 351.

Another important question is whether the gift, though distinctly a charitable trust, is void for uncertainty as to the class to be benefited. The gift here is to such charitable purposes of a particular locality, a territorial division of a certain religious body, as the trustee may deem fitting. There is, therefore, a trust, a designated trustee, a gift to charitable purposes, and a definite locality to be benefited. It is distinctly a charitable trust within any definition that can be found in any decided case, and clearly within the definitions of such gifts in the decisions of the courts of Delaware.

The only feature which requires special consideration, therefore, is that which imposes on the trustee the duty and right to select the charitable purposes. There are decisions of courts elsewhere, both in England and in this country, which take opposite views as to the validity of such a gift. Some hold it bad because the will of the trustee was substituted for that of the testator in selecting the objects, and others because there was no one who

could demand and enforce performance by the trustee. On the other hand, these reasons were held insufficient by other courts.

If the question were fairly an open one in this State it would be necessary to weigh the many conflicting views and seek not to reconcile them, for that cannot be done; but rather to find which of them are based on the better reasons. But the Court of Errors and Appeals of this State in deciding that the trust under the will of Benjamin Potter was a valid one, has so clearly indicated an opinion on the subject, that I feel bound to take the broader view there indicated and uphold the trust here as a valid one, for the purposes of this case, although manifestly there was in the case cited a clearer definition of the objects of the testator's bounty than in that of the testator in this present case.

In the case respecting the Potter will, *Griffith v. State,* 2 *Del. Ch.* 421, there was a devise of trustees for the benefit of the poor of Kent County, the distribution to be made by agents to be appointed by a designated official body, and it was held valid and enforceable, the description of the beneficiaries not being too uncertain, for the testator had designated and described the objects of the bounty and marked out a plan by which it should be distributed. Judge Wootten, who wrote the opinion of the Court of Errors and Appeals in the case cited, referred on page 459 to the distinction between gifts to charity and other gifts, and cited a number of authorities illustrative of the distinction, "some of which," he said, "are very similar to the case now under consideration; as the case of a gift to the poor in general with authorities or, a gift to charitable uses generally, *Clifford v. Francis, Freeman Ch. Cas.* 330; *Atty. Gen. v. Herrick, Ambler,* 712; or, a gift to such charitable uses as the testator's executor shall appoint and the testator revokes the appointment of the executor, *White v. White,* 1 *Bro. Ch. Rep.* 12; or, a gift to such charitable uses as A. shall appoint and A. dies in the life time of the testator, *Moggridge v. Thackwell,* 1 *Ves., Jr.,* 464; 3. *Bro. Ch. Rep.* 517; 7 *Ves., Jr.,* 36; 13 *Ves., Jr.,* 416," and others. "In these, and all such cases, though the bequest would, upon the principles which govern the construction of testamentary dispositions in favor of general objects, be void for uncertainty; yet, the object being charity, the crown, as *parens patriae,* or the court, will execute it."

The purport of this and other expressions in this opinion is that though a devise of land for the use of such persons as the trustee should select would be invalid for uncertainty, yet a gift in trust for such charitable purposes as the trustee should select, being sufficient to establish a charitable trust, would be valid, and in England would be enforcible either by the Court of Chancery or the King. There is no other meaning to be derived from the use of the language of the above cited case. The validity of the devise was then settled, but not the method of its enforcement. It is not now fairly open for a court in Delaware to hold invalid such a gift, whatever may be the views of other courts elsewhere. Neither in the cited case, nor in this present case, was the manner of enforcing the trust raised or involved.

Having determined that there was a valid charitable trust, it follows that the allegation of the bill to the effect that the complainant was seized of an estate in fee simple free of all trusts or conditions was not sustained, and he was not, therefore, free to sell and convey the property as an absolute owner thereof. Neither was he given power by the will to convert the real estate into personalty. Therefore, the complainant is not entitled to a decree for specific performance, for he cannot make a valid deed conveying the property to the purchaser.

It was assumed by counsel as a fact as though shown in evidence that the personal estate of the testator was insufficient to pay his debts and pecuniary legacies. But the relevancy of this fact was not shown, the bill being by John J. Monaghan as an individual claiming absolute ownership to enforce specifically a contract of sale of his property.

As the case stands, therefore, the bill must be dismissed with costs upon the complainant.