In the Matter of the Estate of ELLA V. DERING, Deceased.

Surrogate's Court, Oneida County, June 8, 1931.

*Dunmore, Ferris & Dewey* [*Gilbert R. Hughes* of counsel], for the estate of Ella V. Dering.

*P. C. J. De Angelis,* for the local branch of the Women's Auxiliary to the Board of Missions.

*Fuller, Brown & Hubbard* [*Moses G. Hubbard, Jr.,* and *Ernest P. Felt* of counsel], for the National Branch of the Women's Auxiliary to the Board of Missions.

EVANS, S. This is a proceeding for the judicial settlement of this estate coupled with the necessity of discovering the identity of a legatee named in the will of this testatrix. This instrument disposed of an estate valued in excess of a half million dollars. We are now concerned with one of several provisions in the 6th

paragraph of the will that reads as follows: " To the Women's Auxiliary to the Board of Missions of the Protestant Episcopal Church, the sum of Ten thousand dollars ($10,000)."

This bequest is now claimed by " The Domestic and Foreign Missionary Society of the Protestant Episcopal Church of the United States of America."

This society is incorporated with its office at No. 281 Fourth avenue, New York city, and having for its purpose the general conduct of missionary operations in all lands. .

Other claimants are the Diocese of Central New York of the Protestant Episcopal Church and Grace Church of Utica, N. Y. On the part of the last two mentioned claimants it is urged that the fund should be divided by allotting to the former two-thirds and the latter one-third for the benefit of the Women's Auxiliary connected with each claimant.

There is no contention here that this bequest is void for indefiniteness and that it passes to the residuary estate. The difficulty that manifests itself is that there is no " Board of Missions," and this fact creates the present problem.

For the sake of brevity the first mentioned claimant in New York city will be referred to as the Domestic and Foreign Missionery Society. This claimant objected quite vigorously to the introduction of parol evidence as bearing on the intent of the decedent and asserted that no patent ambiguity existed in the will.

This procedure, I think, is supported by well-considered cases and in the absence of such oral proof it seems to me an impossibility to decide the issue involved.

The Court of Appeals many years ago announced this rule: " 'A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the provision or defeat the intention of the testator, if, either from the will itself or evidence dehors the will, the object of the testator's bounty can be ascertained."

No principle is better settled than that parol evidence is admissible to remove latent ambiguities, and when there is no person or corporation in existence precisely answering to the name or description in the will, parol evidence may be given to ascertain who were intended by the testator. (Lefevre v. Lefevre, 59 N. Y. 434, 440.)

Mrs. Dering was interested in church activities and contributed generously to the various charities promoted by her church. There was considerable testimony taken concerning the religious, charitable and educational work of the Women's Auxiliary of the Protestant Episcopal Church.

These organizations cover a broad field, national in their scope, with territorial divisions and subdivisions narrowing to units of each church composed of the women members thereof. These associations of women are not incorporated and under the law are incapable of taking bequests. (*Fralick* v. *Lyford,* 107 App. Div. 543, 547; *White* v. *Howard,* 46 N. Y. 144, 160; *Ely* v. *Megie,* 219 id. 112.)

The evidence shows that the testatrix for several years contributed to the Women's Auxiliary of Grace Church, Utica, N. Y., and to the Women's Auxiliary of the second district of the Diocese of Central New York. Her will provides a legacy of $5,000 to Grace Church and also $5,000 to the Diocese of Central New York. This fact, I think, eliminates the theory that the bequest under consideration was also intended for either of these legatees. The several bequests contained in the will to various allied organizations of the Protestant Episcopal church and to several charitable institutions in Utica each with its name accurately set forth convinces me that the testatrix possessed a clear understanding of the precise manner in which she desired to dispose of her property. The evidence discloses that the Domestic and Foreign Missionary Society was incorporated in 1846. Its board of directors since that time to the year 1921 was known as the Board of Missions. For the past ten years these directors have been known as the National Council. The name Board of Missions for a period of more than seventy years naturally became fixed in the minds of the members of this denomination so that the old name is still commonly used. This, I think, is a reasonable explanation for its use by the testatrix.

A comprehensive review of the law pertaining to bequests to this identical claimant is to be found in a construction of a paragraph in the will of Mary W. Jewett. This case is first reported in *Bowman* v. *Domestic & Foreign Missionary Society of the Protestant Episcopal Church in the United States of America* (42 Misc. 574). The paragraph in question reads:

" *Seventh.* I give, devise and bequeath the sum of two thousand dollars, to be equally divided between the Indian Missions and Domestic Missions of the United States of America, in memoriam of the late Mary A. Archer."

The trial court held that the bequest was void for indefiniteness. On appeal (reported in 100 App. Div. 29) the Appellate Division of this department reversed the lower court and held that the bequest vested in the defendant (the claimant here). The Court of Appeals in an opinion (reported in 182 N. Y. 494) modified the decision and held that the language used was too indefinite to be construed as a direct bequest either to the defendant or to any beneficiary.

It was held, however, that the bequest did not fall and that it might be supported as a trust for charitable purposes under the provisions of chapter 701 of the Laws of 1893, as amended by chapter 291 of the Laws of 1901.*

The case at bar is free from the uncertainty contained in the Jewett will. We have here no room for doubt as to the identity of the religious denomination intended to receive this charity. As before noted, the Board of Missions is merely an obsolete name for the National Council that is composed of the board of directors of the Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America.

I can see no reason for the appointment of a trustee to administer this gift. This claimant is the parent body duly incorporated and qualified to receive this legacy, and it should be paid to it. (*Kernochan* v. *Farmers Loan & Trust Co.*, 187 App. Div. 668.)

This disposition, I think, is in harmony with the spirit and intent of the testatrix.

Decreed accordingly.

---

* Now Real Prop. Law, § 113, as amd. by Laws of 1909, chap. 144; Laws of 1919, chap. 71; Laws of 1926, chap. 623, and Laws of 1927, chap. 242; Pers. Prop. Law, § 12, as amd. by Laws of 1909, chap. 144; Laws of 1911, chap. 220; Laws of 1926, chap. 622, and Laws of 1927, chap. 239.— [REP.