In the Matter of the Estate of BALBINA KORZENIEWSKA, Deceased.

Surrogate's Court, Oneida County, June 17, 1937.

*Adam Wasileski*, for the executor.

*Harrison J. McDermott*, for the Consul-General of the Republic of Poland, Sylvester Gruszka.

*Fowler, Kowlaczyk & Morris* [*Andrew Kowalczyk* of counsel], for Aniela Malecki Sliksi.

*S. J. Capacelatro*, for Maryanna Malecki.

MORRIS, S.   The decedent by her will made numerous bequests to nieces and nephews.  She left no descendants, and by her will, drawn in 1927, she left nothing to her husband, from whom she had

been estranged for many years, and who has not appeared in this proceeding. A petition for judicial settlement is now before the court, and in that proceeding certain legatees have requested a construction of certain provisions in the will, especially those relating to religious bequests. The decedent intrusted to her executor the sum of $2,000 to be used by him for masses, and gave to other relatives $800 in trust for the same purposes, and finally bequeathed her residuary estate, which, incidentally, will not exist, to a sister in trust for masses for the decedent and other relatives. Section 17 of the Decedent Estate Law is applicable to this situation, which reads, in part, as follows: " No person having a husband, wife, child, or descendant or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association, corporation or purpose, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more. The validity of a devise or bequest for more than such one-half may be contested only by a surviving husband, wife, child, descendant or parent."

The claim is made by the contestants that the portion of the estate exceeding one-half of the amount on hand that is given for masses shall be turned over to pay upon their legacies, which otherwise will somewhat abate. It seems, however, that the contestants have based this claim upon a deduction of administration and funeral expenses as well as the debts existing at the date of death, but the true basis of computation of the value of the gift to charity is not the value of the estate at accounting; it is the value at the death of the testator, as if then turned into cash and the accounts balanced on that day. (Matter of Kaufman, 158 Misc. 102; also notes of Commission [1929] to Dec. Est. Law, § 17, 13 McKinney's Consolidated Laws.)

On that basis I find that the bequests for masses do not exceed the statutory percentage, and, therefore, it is not necessary for me to challenge the right of the claimants to object. However, under section 17 of the Decedent Estate Law, as now amended, it seems clear that none of the claimants are proper parties to oppose the religious bequests, assuming they would exceed one-half of the net estate of decedent at death.

I hold, therefore, that the trust for masses in paragraphs 2 and 11 are valid. However, by paragraph 6, a certain St. Mary's Society of Holy Trinity Church was bequeathed the sum of $500 for masses for the repose of the decedent's soul. Since the evidence shows that there is not and never has been such a society, I hold that this legacy lapses for want of a beneficiary.

By the 14th paragraph of the will the testator directs that, if her estate should be insufficient to pay the aforesaid legacies in full, that they should be paid *pro rata* according to their respective amounts. That being her intention, I hold that, since there must be an abatement due to the lack of funds, that the legacies for masses shall abate in the same proportion as those to the named individuals.

Another question which has been raised on the judicial settlement is with reference to a bequest made in paragraph 9 of the will. By this paragraph testator bequeaths " unto my beloved niece, Mrniela Matockie, the sum of two hundred dollars, her heirs and assigns forever." It is conceded that there is no name " Mrniela " in either Polish or English.

" A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the provision or defeat the intention of the testator, if, either from the will itself or evidence dehors the will, the object of the testator's bounty can be ascertained." (*Lefevre* v. *Lefevre*, 59 N. Y. 434; *Matter of Dering*, 140 Misc. 357.)

Testator has left two nieces, one Aniela Malecki and the other Maryanna Malecki. These nieces are daughters of different brothers of testator. Aniela Malecki is a sister of the executor Edward Malecki. He was bequeathed $500 by the 8th paragraph of the will, just preceding the provision in question. The other niece, Maryanna Malecki, is considerably younger than Aniela, and at the time the testator made her will was only about thirteen years old.

Testimony was produced in behalf of each of these young women, the testimony of Helen Wolak for Maryanna Malecki being to the effect that about seven years after the will was executed the aunt had promised that Maryanna would be taken care of in her will for certain household services which she had rendered to her aunt. The executor Edward Malecki was present at the time the will was drawn and, although counsel for Maryanna Malecki disturbed this witness considerably on cross-examination, still the fact that he was present when the drafting was done must be given considerable weight. He was positive in his assertion that his aunt mentioned Aniela Malecki and not Maryanna Malecki as the recipient of the $200 legacy. Unfortunately, the stenographer who drew the will was not well acquainted with Polish names, and practically every name throughout the will is misspelled. The name " Aniela," however, is quite usual to an American, and yet the stenographer has the unusual combination of letters that go to make up this Polish name, with the exception of the first letter of the name, spelled correctly. Counsel for Maryanna

Malecki contends that the " Mr " at the beginning of the name should be interpreted as showing an intention to bequeath this money to his client.   In view of the fact that the provision follows directly after a bequest to Aniela Malecki's brother, and in view of the fact that the error of the stenographer is much more in consonance with the name of Aniela than that of Maryanna, together with the fact of the executor's testimony, also the circumstances occurring when the will was drawn, it is my opinion that the intention of the testator was to give this bequest to Aniela Malecki, and I so decree.

The fund set aside for funeral expenses and mass amounted to $1,000, but the executor has spent only $534.98, as being necessary for the funeral of the decedent, the balance of $465.02, I hold, becomes available for payment upon the general legacies.

In view of the sizeable amounts left in trust for the procuring of masses, I direct that the trustees be required to furnish a bond before receiving the funds as trustees.

Submit decree accordingly.