123 A.2d 117 (1956)
EQUITABLE SECURITY TRUST COMPANY, a corporation of the State of Delaware, Executor under the Will of Jessie Lungren Woodington, deceased, Plaintiff,
v.
HOME FOR AGED WOMEN, a corporation of the State of Delaware, The Home of Merciful Rest Society, a corporation of the State of Delaware, Anna Baldwin, John F. Baldwin, Samuel Baldwin, William H. Baldwin, Ethel MacAfee, Adele G. Rudolph, William N. Guthrie, Joseph D. Craven, Attorney General of the State of Delaware, Delaware Association for the Blind, a corporation of the State of Delaware, and Jessie Wilson, J. Francis Blaine, Emil R. Mayerberg, Francis Cummings, Herbert B. Mearns and Katherine Wright, in their representative capacities as Commissioners of the Delaware Commission for the Blind, Defendants.
Court of Chancery of Delaware, New Castle.
May 31, 1956.
*118 John J. Morris, Jr., of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.
William A. Worth, Jr., of Richards, Layton & Finger, Wilmington, for defendant, The Home of Merciful Rest Society.
William Poole and Blaine T. Phillips, of Berl, Potter & Anderson, Wilmington, for defendants, Anna Baldwin, Samuel Baldwin and Ethel MacAfee, possible next of kin.
J. Rankin Davis, Wilmington, for defendants, Adele G. Rudolph and William N. Guthrie, possible next of kin.
James R. Morford of Morford & Bennethum, Wilmington, for defendants, Delaware Association for the Blind and Delaware Commission for the Blind.
The other defendants failed to appear and a default judgment was entered against them.
SEITZ, Chancellor.
This is a complaint for instructions by the executor of the will of Jessie Lungren Woodington who died July 4, 1955, leaving a will dated January 18, 1927, with a codicil dated January 21, 1927.
The following is the paragraph in dispute:
"I leave my entire estate to my husband for his life time at his death to be equally divided among the following: The Home for Aged Women, Blind of Delaware, Home for Incurables, sometimes call Home of Merciful Rest & my brother, William H. Lungren, Jr., if he is still living. If deceased his share shall revert to the institutions named."
The foregoing quotation from the handwritten will shows that it was carelessly drawn, to say the least.
The testatrix survived both her husband and her brother, William. Since the executor could not find an institution bearing the exact designation "Home for Incurables" or "Home of Merciful Rest" or an institution known as "Blind of Delaware", it seeks the instructions of this Court as to how the substantial sum of money involved should be distributed. The defendants are the parties having a possible interest therein.
The parties took no evidence on the issue of the identification of the party "Home for Incurables" or "Home of Merciful Rest". However, the parties agreed to the submission of an affidavit which indicates that an institution known as "Home of Merciful Rest Society" was incorporated in Delaware under that name as a charitable organization on July 5, 1901; that at least since 1920 the corporation has been popularly known and referred to by all persons in the community as "Home of Merciful Rest" or "Home for Incurables"; that the member of the board filing the affidavit is familiar with no other organization in this community which is or has been similarly known.
I do not think this aspect of the case needs to be labored. Contrary to the position apparently taken by the next of kin, I am completely satisfied from the facts and the will that the testatrix sufficiently identified the corporate defendant, The Home of Merciful Rest Society, as the beneficiary when she used the words "Home for Incurables, sometimes call [sic] Home of Merciful Rest". The executor will therefore pay this share to The Home of Merciful Rest Society.
I now consider the more substantial point as to whether the share designated by the testatrix for "Blind of Delaware" passes under any legal theory to the defendant, Delaware Commission for the Blind ("Commission")[1]. Prior to the 1953 Code the Commission was known as The Delaware Commission for the Blind. By the 1953 Code the "The" was dropped. The parties make no point of the change.
The attorneys for the next of kin contend that the will shows that the testatrix had *119 a specific institution in mind in designating the "Blind of Delaware"; that neither at the time the will was written nor since has there been any institution of that name in existence; that since the testatrix had a specific institution in mind which cannot be identified the money may not pass cy pres but must pass to the next of kin as intestate property. The attorney for the Commission contends that the testatrix had no specific institution in mind and therefore a general charitable trust was created which this Court could cause to be administered. Alternatively, he contends that if a specific institution was intended, there was also evidence of a general charitable intent. Consequently, he says that even if the specific intent is frustrated, the property should nevertheless pass cy pres to one of the institutions administering to the blind of Delaware.
The defendant, "Delaware Association for the Blind" is a private corporation founded in recent years principally to administer funds for the use of the Delaware Commission for the Blind. It does not claim adversely to the Commission. However, it was founded recently and I believe its existence is not pertinent insofar as we here seek to ascertain the intention of the testatrix.
Contrary to the contention of the attorney for the Commission, I believe that the testatrix had a specific institution in mind when she provided that a share should go to "Blind of Delaware". I reach this conclusion on the following grounds: (1) the testatrix listed "Blind of Delaware" with and between charitable institutions; (2) the provision for reversion in case of the lapse of her brother's share refers to the "institutions named", thereby probably embracing "Blind of Delaware"; (3) "Blind of Delaware" is capitalized and no "the" precedes it. It should also be noted that if the testatrix did not intend "Blind of Delaware" to refer to a specific institution, the provision reverting the deceased brother's share "to the institutions named" would mean that his share (¼ of the total amount) would necessarily go only to the Home for Aged Women and The Home of Merciful Rest Society[2]. This does not appear reasonable here.
I therefore conclude that the testatrix had a specific institution in mind when she referred to "Blind of Delaware". This conclusion requires me to consider the contention of the next of kin that since no institution having the specific title "Blind of Delaware" was or is in existence, the bequest fails for want of certainty. While the argument of the attorney for the Commission did not directly meet that made by the attorneys for the next of kin I am satisfied that the basic issue here is whether the words, "Blind of Delaware" when considered in conjunction with the evidence of the surrounding circumstances sufficiently identify the Delaware Commission for the Blind as the intended legatee.
In the old Chancery case of Doughten v. Vandever, 5 Del.Ch. 51, the Court stated certain legal principles applicable to the problem of identifying the beneficiary of a bequest for an obviously public charitable purpose. In so doing they placed great reliance on Minot v. Boston Asylum, 7 Metc., Mass., 416, 418. The following quotation from the Doughten case appears pertinent here:
"The general rule is that where either a corporation or a natural person is so identified by the name and description in the will, as applied to the facts and circumstances, as to distinguish such person or corporation from all others, such person or corporation shall take the bequest in the same manner as if no discrepancy had appeared. Minot v. Boston Asylum, 7 Metc., Mass., 416, 418.
"Where the name and description in a legacy, when applied to the facts, lead to a reasonable belief that they apply to some one person, and there is no other person to whom they can with any probability apply, then much slighter *120 evidence will be sufficient to prove that that person was intended in the designation. Ibid."
It is clear that at the time the present will and codicil were drawn in 1927, there was no institution with the name "Blind of Delaware". The same was true at the date of her death. However, the evidence shows with equal clarity that for a period covering many years before 1927, and continuing to this day, there was in Delaware only one organization serving the blind of Delaware and that was a body created by the Legislature and known as "The Delaware Commission for the Blind", 31 Del.C. § 2102. The Commission was authorized to receive and hold, inter alia, bequests and legacies to be used in furtherance of its purposes, § 2105. Thus it was more than a mere public agency. Consequently, the holding in the Doughten case that the bequest to the Water Works was not a bequest to a public charity is not in point here.
While the parties introduced no evidence concerning the testatrix's knowledge of the Delaware Commission that is not conclusive. Doughten v. Vandever, above, 5 Del.Ch. at page 72. It does appear that the testatrix was a resident of Wilmington, Delaware and the Court will take judicial notice of the fact that for years the activities of the Commission have been centered in Wilmington. The Court in Doughten v. Vandever, above, concluded from the will and surrounding circumstances that certain charitable legatees had been sufficiently identified even though the words of the will were not as close or the circumstances as compelling as those here disclosed. Since I have held that the testatrix had a specific institution in mind and since admittedly the Delaware Commission for the Blind was and is the only institution in the state performing that exclusive function, I believe the above quoted law from Doughten v. Vandever supports the conclusion that the Commission was the legatee intended by this testatrix. It may also be noted that there is no rival claimant, See Equitable Trust Co. v. Banning, 17 Del.Ch. 95, 149 A. 432.
The attorneys for the next of kin argue that the decision of the Supreme Court of Delaware in McBride v. Murphy, 14 Del.Ch. 242, 124 A. 798, affirmed, 14 Del.Ch. 457, 130 A. 283, precludes a holding that this bequest is sufficiently definite. That case is not in point because it dealt with a situation where the identity of the intended legatee was clear. However, that legatee was not in existence when the testatrix died. The Supreme Court in the McBride case distinguished the Doughten case on the ground that it dealt with the question of the identification of the intended legatees  the very problem here.
Other cases cited by counsel for the next of kin (In re Westheimer's Estate, Sur., 124 N.Y.S.2d 784; In re Korzeniewska's Estate, 163 Misc. 323, 297 N.Y.S. 997; In re Walker's Estate, Sur., 53 N.Y.S.2d 106; and In re Joseph's Estate, Sur., 62 N.Y.S.2d 197) are also distinguishable on the ground that they involved an intended legatee which was not in existence at the date of the testatrix's death. As noted, that was the situation in the Murphy case which I have held inapposite. Indeed, one of the cases recognizes and applies the very principle here deemed applicable.
I conclude that the bequest to the "Blind of Delaware" was intended for and should go to the Delaware Commission for the Blind.
I further conclude that under the will as construed the legacy passes outright and not in trust to the Commission. Of course it must be used by them in accordance with the provisions of 31 Del.C. § 2105. The other points advanced need not be considered.
Order on notice.
NOTES
[1] As hereafter noted I think the position of defendant Delaware Association for the Blind need not be considered.
[2] I might add that the Society has not advanced this construction and the Home did not appear.