EQUITABLE SECURITY TRUST COMPANY, a corporation of the State of Delaware, Executor under the Will of Jessie Lungren Woodington, deceased,

Plaintiff,

*vs.*

HOME FOR AGED WOMEN, a corporation of the State of Delaware, THE HOME OF MERCIFUL REST SOCIETY, a corporation of the State of Delaware, ANNA BALDWIN, JOHN F. BALDWIN, SAMUEL MACAFEE, ADELE G. RUDOLPH, WILLIAM N. GUTHRIE, JOSEPH D. CRAVEN, Attorney General of the State of Delaware, DELAWARE ASSOCIATION FOR THE BLIND, a corporation of the State of Delaware, and JESSIE WILSON, J. FRANCIS BLAINE, EMIL R. MAYERBERG, FRANCIS CUMMINGS, HERBERT B. MEARNS and KATHERINE WRIGHT, in their representative capacities as COMMISSIONERS OF THE DELAWARE COMMISSION FOR THE BLIND, Defendants.

*New Castle, July 26, 1956.*

*John J. Morris, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

*William A. Worth, Jr.,* and *James T. McKinstry,* of Richards, Layton & Finger, Wilmington, for defendant The Home of Merciful Rest Soc.

*William Poole* and *Blaine T. Phillips,* of Berl, Potter & Anderson, Wilmington, for defendants, Anna Baldwin, Samuel Baldwin and Ethel MacAfee, possible next of kin.

*J. Rankin Davis,* Wilmington, for defendants, Adele G. Rudolph and William N. Guthrie, possible next of kin.

*James R. Morford* of Morford & Bennethum, Wilmington, for defendants, Delaware Assn. for the Blind and Delaware Commission for the Blind.

*Everett E. Borton,* Wilmington, for defendant, Home for Aged Women.

SEITZ, Chancellor: I must decide whether the entire estate left by the testatrix or some portion thereof should bear the costs and legal expenses incurred in connection with a decision on the executor's request for instructions.

This matter arose in connection with a will drawn by the testatrix. She left her entire estate in trust to pay the income to her husband for life. At his death the corpus was to be divided equally among three charitable institutions and her brother. In the event her brother predeceased her, his share also went to the three named charities. Since the testatrix survived both her husband and brother the problem of distribution arose immediately upon her death.

The problem concerning which the executor sought instructions was the identity of two of the three charitable beneficiaries. While the third charitable beneficiary (Home for Aged Women) was made a defendant, no instructions were requested concerning its share. Indeed, no serious question was raised about the second beneficiary (Home of Merciful Rest Society). The real dispute which was presented to and decided by the court concerned the identity of the beneficiary designated as "Blind of Delaware". See *Equitable Security Trust Co. v. Home for Aged Women,* 35 *Del.Ch.* 553, 123 *A.2d* 117.

In connection with the entry of the judgment on the court's decision there arose the question as to the identity of the fund to be taxed with the payment of costs and expenses.

The right to allow costs and counsel fees from the "fund" in this type of proceeding has been explicitly recognized by way of illustration by the Delaware Supreme Court. See *Maurer v. International Re-Insurance Corp.*, 33 *Del.Ch.* 456, 95 *A.2d* 827. The only question here involved is the identity of the "fund" which must bear such expenses.

The executor and the possible next of kin represented by Mr. Poole contend that the entire estate should bear the expenses. The *Home of Merciful Rest Society* and other possible next of kin represented by Mr. Davis contend that no portion of the expense should come from the share of the Home for Aged Women. They say that all but a token amount of the fees and expenses should be paid from the one-third share going to the Delaware Commission for the Blind and that this token amount should be assessed against the Society's share. The attorney for the Home for Aged Women [1] contends that that share should bear no part of the fees and expenses. The attorney for the Delaware Commission for the Blind takes no firm position but suggests that the matter is within the court's discretion.

I believe the manner in which payment of costs and legal fees is allocated rests within the sound discretion of the court. This discretion will be controlled by the application of equitable principles. See *Hartford Conn. Trust Co. v. Hartford Hosp.*, 141 *Conn.* 163, 104 *A.2d* 356. Let us consider the facts with these principles in mind.

It is clear that this action for instructions was rendered necessary because of the identification problem created by the choice of words employed by the testatrix in disposing of the principal of her entire estate. The services of the attorneys who appeared before the court were reasonably necessary to assist the court in instructing the executor as to the proper method of distributing such assets. We have here one fund to be divided and in view of the origin of the difficulty there is no equitable reason, in my opinion, to make one share bear the entire burden.

---

1. Although the Home did not participate in the litigation, at the court's suggestion its counsel appeared to be heard on the allocation of fees.

Under the circumstances of this case I conclude that the entire fund should bear the costs and legal expenses. The variety of ways in which these matters can arise demonstrate the wisdom of the rule which leaves the apportionment problem to the sound discretion of the court. Such a rule permits the court to consider the equities as well as the specific problem presented.

An examination of the case law reveals a general recognition of the principle that the apportionment decision is within the court's discretion. I do not pause to decide whether some of the cases are irreconcilable in their application of the principle [2] because I conclude that the facts here fairly call for the conclusion that the entire estate shall bear the expenses occasioned by this litigation.

The final judgment will incorporate a provision implementing this decision.

---

2. Compare, *e.g., Rhode Island Hospital Trust Co. v. Johnson, R.I.,* 99 *A.2d* 12; *Hartford Conn. Trust Co. v. Hartford Hospital,* 141 *Conn.* 163, 104 *A.2d* 356.